UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID L. GILLASPY,**   Case No. 1:11-cv-303

    Plaintiff,   Dlott, Chief Judge
                                                         Wehrman, Magistrate Judge

    v.

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S FIRST ASSIGNMENT OF ERROR BE DENIED; (2) PLAINTIFF'S SECOND ASSIGNMENT OF ERROR BE GRANTED; AND (3) THIS CASE BE REMANDED TO THE COMMISSIONER TO PROCURE AND CONSIDER NEW EVIDENCE.

This is a Social Security appeal filed by plaintiff, through counsel, proceeding pursuant to 42 U.S.C. § 405(g).  Two issues are presented: 1) whether the administrative law judge's ("ALJ") decision is not supported by substantial evidence because the ALJ did not sufficiently develop the record with information from the United States Department of Veterans Affairs ("VA") regarding plaintiff's mental conditions; and (2) whether the Appeals Council erred by failing to acknowledge additional records submitted by plaintiff and by refusing to order a Sentence Six remand to the ALJ for further deliberation.  Doc. 12 at 1-2.

I.

Plaintiff David L. Gillaspy filed an application for a period of disability and disability insurance benefits ("DIB") on October 18, 2006, alleging a disability onset date of June 3, 2001, later amended to January 1, 2003, due to post traumatic stress disorder ("PTSD"), anxiety, and mood disorders, right arm nerve damage, exogenous obesity, and alcohol abuse.  (Administrative

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

Transcript ("Tr.") 14, 16). He was fifty two years old at the time of the alleged disability. (Tr. 109). After his claims were denied initially and upon reconsideration, (Tr. 31, 33-35), plaintiff requested a hearing *de novo* before an ALJ. (Tr. 8-9). On June 25, 2009, an evidentiary hearing was held by ALJ Sarah J. Miller, at which plaintiff, represented by counsel, Michael Kennedy, and a vocational expert, George Edward Parsons, testified. (Tr. 23, 414-47).

On September 1, 2009, the ALJ entered her decision denying plaintiff's claim. (Tr. 14-21). Plaintiff sought appellate review by and submitted additional records to the Appeals Council, which summarily denied plaintiff's request on March 8, 2011, making the ALJ's decision the defendant's final determination. (Tr. 1-6).

The ALJ's "Findings of Fact and Conclusions of Law," which represent the rationale of the decision, were as follows:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2008.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2003 through his date last insured of September 30, 2008 . . . . (20 CFR 404.1571 *et seq.*)

3. Through the date last insured, the claimant had the following severe impairments: post traumatic stress disorder (PTSD), anxiety disorder; mood disorder, NOS; right arm nerve damage, status post open reduction internal fixation; exogenous obesity; alcohol abuse, in sustained remission (20 CFR 404.1520(c)).

   ……………………..

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

   ………………………

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that due to his hearing loss, he cannot perform work

2

       that requires fine hearing abilities. Due to his emotional problems, he should be in a work environment with no contact with the general public and limited or superficial contact with supervisors and co-workers. He should also work in an environment that requires routine and repetitive tasks and no more than ordinary and routine changes in the work setting or duties.

       ………………………..

6.     The vocational expert testified that through the date last insured, the claimant was capable of performing past relevant work such as an office equipment mechanic, DOT 633.261-010, which is defined by *The Dictionary of Occupational Title* as light in exertional demands and skilled. This work did not require the performance of work-related activities precluded by the claimant's residual capacity. (20 CFR 404.1565).

       …………………………

7.     The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2003, the alleged onset date, through September 30, 2008, the date last insured, or up until the present time (20 CFR 404.1520(f)).

(Tr. 16-22). In short, the ALJ concluded that plaintiff was not under disability as defined by the Social Security Regulations and was therefore not entitled to a period of disability or DIB. (Tr. 22).

On appeal to this Court, plaintiff argues that the ALJ erred by failing to support her opinion with substantial evidence, due to the ALJ's failure to develop the record with information from the VA regarding plaintiff's mental conditions. Plaintiff also argues that the Appeals Council erred by failing to acknowledge additional records submitted by his attorney and refusing to remand the case to the ALJ for further deliberation. Doc. 12 at 1-2. Each argument will be address in turn.

## II.

The court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the SSA asks if the claimant is still performing substantial gainful activity; at Step 2, the SSA determines if one or more of the claimant's impairments are "severe;" at Step 3, the SSA analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the SSA determines whether or not the claimant can still perform his or her past relevant work; and finally, if it is established that claimant can no longer perform her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

The plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### III.

The ALJ determined that plaintiff did not meet listings 12.04 and 12.06 because his mental impairments were only mild to moderate, rather than marked, in the relevant categories. (Tr. 17-18). She then adjudged plaintiff to have a residual functional capacity to perform modified light work, which was sufficiently prevalent in plaintiff's community. (Tr. 18). In support, the ALJ cited several sources, including plaintiff's own testimony.

The ALJ referenced a December 2006 psychological evaluation by Dr. Seifert, ordered by the state agency. Therein, plaintiff stated that he worked well with coworkers (other than his last boss), that he worked at a factory for thirty-three years, and that he was a reliable employee. (Tr. 19, 168). Plaintiff also reported having occasional crying spells, panic attacks, and flashbacks to his service in the Vietnam War, where he was shot several times and sustained serious injuries. (Tr. 19 167, 168). Plaintiff said he had never been in counseling and was not taking medications. (Tr.19, 169). The consulting psychologist ultimately considered plaintiff to have only mild to moderate limitations, rather than marked, and a Global Assessment Function ("GAF") score of 65, indicating merely mild symptoms. (Tr. 19, 170-71). The ALJ gave "significant weight" to Dr. Seifert's assessment, deeming it "consistent with the medical evidence in the file, and reflect[ing] the limitations that are in the residual functional capacity." (Tr. 19).

The ALJ also cited a psychiatry outpatient clinic report of April 2007. Plaintiff was referred for insomnia and anxiety. He acknowledged irritability, but no loss of anger control. He awoke multiple times per week to nightmares or flashbacks of the Vietnam War. The

5

medical professional believed he had no acute distress or agitation and was cooperative and friendly. (Tr. 19, 285).

In addition, he ALJ referenced a State Agency assessment that found plaintiff had only mild limitations in all relevant categories. (Tr. 20, 190). The ALJ actually found plaintiff to be more limited than did the State Agency, but agreed that plaintiff is not disabled due to mental impairments. (Tr. 20).

Finally, the ALJ noted that plaintiff was never hospitalized for psychiatric issues (Tr. 19, 21), his last mental health treatment took place as far back as May 2007 (Tr. 21, 348), and required only a single mood stabilizing medication (Tr. 21), all of which cuts against a finding of total disability.

In addition to analyzing these medical opinions and records, the ALJ also assessed plaintiff's credibility in determining his RFC. The ALJ noted several discrepancies in plaintiff's statements to medical professionals. For instance, plaintiff gave differing answers about his demeanor with supervisors and coworkers in separate psychological evaluations, and despite his current claims of depression, plaintiff reported to the VA in March 2009 that he was not depressed. (Tr. 20, 21). Finally, the ALJ discounted plaintiff's claims regarding the frequency and intensity of his flashbacks and panic attacks as unsupported by the medical record. (*Id*.).

The ALJ did discuss a somewhat countervailing opinion from VA physician Marguerite Blythe, given in March 2007. (Tr. 19). Dr. Blythe believed plaintiff's PTSD was so severe as to be fifty (50) percent disabling, ascribable to plaintiff's,

> reduced reliability and productivity due to symptoms such as: flattened affect; panic attacks more than once a week; impairment of short- and long-term memory (e.g. retention of only highly learned material, forgetting to complete tasks; impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

6

(Tr. 205). Dr. Blythe also found plaintiff to suffer from periodic anxiety/panic attacks, panic disorder with agoraphobia, and insomnia, and assigned him a GAF score of 50, denoting serious symptoms. (*Id.*).

Yet the ALJ ultimately gave "little weight to the assessment of Dr. Blythe, as the report is inconsistent with the other medical evidence in the file." (Tr. 19). This is an important point, considering that plaintiff faults the ALJ and the Appeals Council for failing to develop the record with regard to his VA disability determination. Other than a passing mention at the conclusion of her decision,[2] the ALJ does not mention the VA's disability determination. The Appeals Council did not make reference to the VA's disability finding, though it did note that plaintiff's attorney did submit several VA documents, which the Appeals Council included in the record.

**A.**

In his first assignment of error, plaintiff argues that the ALJ's decision is not supported by substantial evidence, and should be remanded under Sentence Four of 42 U.S.C. § 405(g), because, despite knowing that the VA found plaintiff completely disabled, the ALJ did not seek to adequately develop the record by obtaining documentation from the VA. Doc. 12 at 1, 12, 17. Plaintiff's attorney did locate some such records, which he submitted to the Appeals Council, including a report from a VA examination of December 2005 finding plaintiff to have total disability (Tr. 368), as well as a document from the VA confirming that plaintiff is "considered to be totally and permanently disabled due to [his] service-connected disabilities," (Tr. 412) among others. As plaintiff's argument goes, had the ALJ been diligent, she would have sought corroborating documents from the VA, which would ultimately substantiate a finding of disability for Social Security purposes.

---

[2] The ALJ writes, "claimant has a number of complaints and has been found disabled for VA purposes . . ." (Tr. 21).

7

Plaintiff's first assignment of error is not well taken, chiefly for procedural reasons. Though the Supreme Court has held that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge," *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)), it is nonetheless the claimant's burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Plaintiff was at all times in the claims process represented by counsel, thus relieving the ALJ of a heightened duty to develop the record. *See Trandafir v. Comm'r of Soc. Sec.*, 58 Fed. Appx. 113, 115 (6th Cir. 2003).

The ALJ was alerted to the fact that plaintiff was given a total disability rating by the VA during the administrative hearing. (Tr. 423). Additionally, the record before the ALJ contained some seventy (70) pages of records from the VA (Tr. 203-300), and plaintiff's attorney filed still more VA records with the ALJ following the hearing but prior to the ALJ's decision. (Tr. 331). Yet none of the documents in the record before the ALJ noted the VA's one hundred percent disability finding. The records submitted to the Appeals Council did note the VA's disability determination. Importantly, however, according to Sixth Circuit caselaw these records are irrelevant at this juncture in the analysis: "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996). Despite the brief testimony from the plaintiff and his attorney informing the ALJ of the VA's finding, the ALJ fulfilled her duty to develop the record.

In sum, the ALJ acted satisfactorily in developing the record, substantial evidence supports her decision, there is no basis for a Sentence Four remand, and plaintiff's first assignment of error should be denied.

**B.**

In his second assignment of error plaintiff seeks remand under Sentence Six of 42 U.S.C. § 405(g), providing the Commissioner the opportunity to consider fully the records that were submitted to the Appeals Council, as well as to obtain further records from the VA detailing its basis for finding plaintiff totally disabled. Doc. 12 at 13, 17. Plaintiff maintains that the Appeals Council committed error in failing to acknowledge the VA records submitted by counsel and by failing to sufficiently develop the record once it was on notice concerning the VA's disability finding. *Id*. at 1-2, 17.

Sentence Six states, in pertinent part, that a court may remand a case and "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a district court orders a Sentence Six remand, "it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)).

There are three requirements for a Sentence Six remand: (1) the evidence must be new; (2) the evidence must be material; and (3) there must be good cause shown why the evidence was not submitted to the ALJ. "[E]vidence is new only if it was 'not in existence or available to

the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is material only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "Good cause" is shown by "demonstrating a reasonable justification for the failure to acquire and present the evidence before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

The court agrees that plaintiff has satisfied the elements for a Sentence Six remand. The VA records are new in two senses: the documents submitted to the Appeals Council are new because, despite the fact that both plaintiff's counsel and the Social Security Administration must have made a record request to the VA in order to obtain the records in transcript pages 230-300, still more VA documents were discovered by plaintiff's attorney following the hearing, making them unavailable to plaintiff at the time of the proceeding before the ALJ. *See* Doc. 12 at 11-14. Furthermore, the records plaintiff's attorney presented to the Appeals Council confirm that the VA has found plaintiff totally disabled, yet there are no records providing the basis for that decision or even a document evidencing the initial decision itself; therefore, it seems apparent that there must be additional documents from the VA that shed further light on his one hundred percent disability finding by that agency. *See Id*. at 13. These documents are surely "new."

Regarding the second requirement, though the Appeals Council declined to review the ALJ's decision even with the benefit of the VA records submitted by plaintiff's counsel, the Court nonetheless believes those documents, along with other, to-be-unearthed records from the VA are material: there is a reasonable probability that the ALJ would conclude differently had

she known the evidentiary basis of the VA's disability determination. While the ALJ is not bound by the VA's disability finding,[3] it is clearly important evidence, and particularly so because the ALJ minimized the significance of Dr. Blythe's opinion because it did not conform with the other evidence in the case. Had the ALJ had the benefit of further documentation from the VA regarding plaintiff's disability, perhaps the record would color more in plaintiff's favor. As plaintiff cites, there are several cases where a VA disability finding was crucial. *See, for example, Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984); *Rothgeb v. Astrue*, 626 F. Supp. 2d 797, 810 (S.D. Ohio 2009).

Finally plaintiff has good cause for failing to include the documents in the record before the ALJ. As all relevant documents have apparently still not been obtained from the VA, despite the ALJ's and plaintiff's counsel's requests (*see* Doc. 12 at 10-12), it is clear that plaintiff cannot be faulted for not presenting them to the ALJ in the first instance. has not been forthcoming with the records despite requests from both plaintiff's counsel and the Commissioner.

## IV.

.       For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. Plaintiff's first assignment of error be **DENIED**;

2. Plaintiff's second assignment of error be **GRANTED**; and

3. The case be **REMANDED** to the Commissioner pursuant to Sentence Six of 42 U.S.C. 405(g), where the Commissioner shall procure further documentation from the VA regarding the evidentiary basis for plaintiff's disability finding, and review plaintiff's claim in light of it and the evidence presented to the Appeals Council.

---

[3] *See* SSR 06-3p, 2006 WL 2329939 at *6.

11

DATE: June 1, 2012                                J. Gregory Wehrman
                                                  J. Gregory Wehrman
                                                  United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**DAVID L. GILLASPY,**              Case No. 1:11-cv-303

    **Plaintiff,**                Dlott, Chief Judge
                                  Wehrman, M.J.
    v.

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**NOTICE**

    Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).